AO 91 (Rev. 11/11) Criminal Complaint

United States Courts
Southern District of Texas
FILED
*October 29, 2026*
Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

FILED: 10/21/26
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

United States of America
v.
Javier Hernandez-Alcon

*Defendant(s)*

Case No. 1:26-MJ-82

**4:26-mj-696**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 20, 2026 in the county of Liberty in the Eastern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Liberty, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Colin R. Smith, ICE Deportation Officer

*Printed name and title*

Sworn to me telephonically.

Date: 10/21/2026

*Judge's signature*

City and state: Beaumont, Texas

Hon. Christine L. Stetson, US Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Colin Smith, being duly sworn by telephone, hereby depose and say:

(1) I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity from May 19, 2002, until I retired on June 30, 2021. I then returned to duty on September 14, 2025. Prior to this assignment, I have held the following positions: Immigration Detention Enforcement Officer, Immigration Enforcement Agent, and Deportation Officer. My law enforcement career began on May 19, 2002, as a Detention Enforcement Officer. I have over 20 years of immigration law enforcement experience.

(2) On October 20, 2026, ICE ERO was made aware of the unlawful presence of Javier Hernandez-Alconin the United States as a result of information provided by the Liberty County Sheriffs Department, in Liberty County, TX. On October 21, 2026, Javier Hernandez-Alcon was identified as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b). The Defendant also goes by the alias(s) of Javier Hernandez.

(3) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(4) The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(5) The Defendant has previously been deported or removed from the United States on the following occasion(s):

a. 03/08/2000
b. 04/29/2014

(6) After deportation, the Defendant was subsequently found in the United States on October 20, 2026 in Liberty County, Texas which is within the Beaumont Division of the Eastern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On October 21, 2026, LESC advised me that it had no record of such an encounter.

(7) The Defendant did not have permission to re-enter the United States. On October 20, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from

the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(8) The Defendant has the following prior criminal history and/or gang affiliation:

a. On November 3, 2011, the Defendant, using the name Javier Hernandez-Alcon, was convicted in the Southern District of Texas, Houston, Texas, for the offense of 8 USC 1326 (a) and (b)(2), under case 4:11CR00368-001. For this offense, a felony, the Defendant was sentenced to 40 months confinement.

b. On June 3, 1998, the Defendant, using the name Javier Hernandez, was convicted in the 174th District Court, Harris County, Texas, for the offense of Burglary of a Habitation, under case 76508301010. For this offense, a felony, the Defendant was sentenced to 10 years confinement.

On October 21, 2026, I contacted the U.S. Attorney's Office, Eastern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Joe Batte (409) 981-7906 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b) .

Colin Smith
Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 21st day of October 2026, and I find probable cause.

Hon. Christine L. Stetson
United States Magistrate Judge
Eastern District of Texas